IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.,* GREGORY W. THORPE, *et al.* | CASE NO. 03-10641-NG-RWZ CASE NO. 11-10398-NG-RWZ |
| Plaintiffs | |
| v. | |
| GLAXOSMITHKLINE PLC, *et al.* | |
| Defendants | |

**OPPOSITION TO CROSS'S MOTION TO CONSOLIDATE
ACTIONS AND FOR RELATED RELIEF**

Relators Greg Thorpe and Blair Hamrick ("Relators"), by their undersigned counsel,

hereby oppose Cross & Bennett's ("Cross") Motion to Consolidate Actions And For Related

Relief (the "Motion"). Relators incorporate by reference their Motion to Consolidate and

Change Venue (Dkt. No. 121). As set forth in Relator's motion, the most efficient, and the only

legally proper, way to consolidate the attorney fee dispute between Relators and Cross, is to

consolidate Cross's proposed complaint in intervention into the earlier-filed malpractice action

brought by Relators at 1:12-cv-11632-RWZ.

Relators respond to the numbered paragraphs of Cross's Motion as follows:

1.    Admitted.

2.    Admitted.

3.    Denied.  Relators never attempted to "bully" Cross into reducing his fee in this

case.   Cross has repeatedly and falsely represented to this Court the on the eve of the

Government's intervention in their qui tam case against GSK, Relators attempted to deprive

Cross of the fee he had supposedly earned.  But after Relators learned of Cross's malpractice,

which cost them millions of dollars, they still made every effort to permit Cross to earn a fee in

this matter by inviting him to share his fee with competent co-counsel.  Only after Cross refused

did the Relators discharge him for cause.  Cross's malpractice and ethical violations are detailed

in Relator's malpractice complaint at 1:12-cv-11632-RWZ and show why Cross is not entitled to

the fee he claims.

4.      Admitted.

5.      Admitted.

6.      Admitted, except that Relators reject Cross's implicit criticism of the fact that

Relators' retaliatory discharge claims against GlaxoSmithKline LLC ("GSK") are proceeding

under docket no. 03-cv-10641/11-10398-RWZ.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted in part and denied in part.  Cross has forfeited any right to collect legal

fees from Relators due to his malpractice and ethical violations as set forth in Relator's

complaint in the attorney fee dispute at 1:12-cv-11632-RWZ.

13.     Admitted.

14.     Denied in part.  Funds deposited into the registry of the Court should not be

associated with the docket 1:03-cv-10641-RWZ.  As set forth in Relator's Motion for

Consolidation and Change of Venue, those funds should be associated with the case at 1:12-cv-11632-RWZ, the malpractice action filed by Relators into which the rest of the attorney fee dispute between Relators and Cross & Bennett should be consolidated.

15.     Denied that Cross & Bennett's proposed method of consolidation "is consistent with the directions of the Court at the September 27, 2012 status conference…."   During the September 27, 2012 conference call, counsel for Relators raised the issue of consolidation of the disputes between Relators and Cross & Bennett.  Relators' counsel and counsel for Cross & Bennett agreed that the dispute should be consolidated, but did not agree on the manner of consolidation.  The Court instructed the parties to file motions setting forth their positions, which the parties have now done.  Contrary to Cross & Bennett's representation, however, the Court did not endorse either party's position during the conference call.

Denied further that Relator's retaliatory discharge claims constitute an "earlier filed action" with respect to state law attorney fee dispute between Cross and Relators.  The *qui tam* case, now consisting solely of Relators' retaliatory discharge claims, at 1:03-cv-10641/11-10398-RWZ is *not* an "earlier filed" action with respect to the disputes between Relators and Cross. The earliest filed civil action regarding the disputes between Relators and Cross is, in fact, Relator's malpractice action at 1:12-cv-11632-RWZ.  As the Court noted during the September 27, 2012 status conference, Relators' retaliatory discharge claims at 1:03-cv-10641/11-10398-RWZ have nothing to do with the disputes between Cross and Relators, and should be kept separate.

16.     Denied.  It is neither appropriate nor consistent with established case law for the attorney fee dispute between Relators and Cross to be consolidated into a legally and factually distinct retaliatory discharge case between Relators and GSK.  *See* Relators' Motion to

Consolidate and Change Venue (Dkt. No. 121).  Under Fed. R. Civ. P. Rule 13(a) and well-

established case law, the claims Cross seeks to assert against Relators, but has not yet filed, are

compulsory counterclaims to Relator's malpractice action at 1:12-cv-11632-RWZ, because the

claims arise from the same transactions and occurrences.  *See e.g.*, *Quick Container Services,*

*Inc. v. Interpool, Ltd.*, 115 F.R.D. 59, 61 (S.D.N.Y. 1987) ("Where one party brings an initial

suit for breach of contract… an adverse party may not file a subsequent action based on the same

contract, unless this action was pleaded as a counterclaim in the initial suit.").  Notably, Cross's

statement that the form of consolidation they seek is "consistent with established case law" is not

supported by *any* legal authority in their motion.  Further, Cross does not address or even

mention the fact that Cross's as-yet unfiled claims against Relators are compulsory

counterclaims to Relators' malpractice complaint under Fed. R. Civ. P. 13(a), despite the fact

that undersigned counsel has raised this issue both in Relator's opposition to Cross's motion to

intervene (*see* Dkt. No. 114, pp. 5-6), and during the September 27, 2012 status conference with

the Court.

   17. Denied.  Cross & Bennett's filing of this Motion solely in 1:03-cv-10641/11-

10398-RWZ is a violation of Local Rule 40.1(J), inasmuch as this proceeding is *not* the first-

filed litigation with respect to the disputes between Cross & Bennett and Relators.  As stated

above, Relator's malpractice action at 1:12-cv-11632-RWZ is the first-filed civil action

concerning the disputes between Relators and Cross & Bennett.

   18. Admitted.

   19. Admitted.

   20. Admitted.

21.     Admitted.  By way of further response, the fact that GSK and the United States had to be consulted prior to the filing of Cross & Bennett's Motion is an example of why the disputes between Cross & Bennett and Relators should not be consolidated with the retaliatory discharge action against GSK.

WHEREFORE, Relators respectfully request this Court deny Cross & Bennett LLC's Motion to Consolidate Actions And For Related Relief, and for all other relief it deems just and appropriate.  A proposed order is attached.

Respectfully submitted,


 /s/ Matthew Fogelman
Matthew J. Fogelman (BBO #653916)
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
617-559-1530
**mjf@fogelmanlawfirm.com**

Of Counsel:

William J. Leonard
Richard P. Limburg
Obermayer Rebmann Maxwell & Hippel LLP
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103
215-665-3000
william.leonard@obermayer.com
**richard.limburg@obermayer.com**


Dated: October 17, 2012

## CERTIFICATE OF SERVICE

I certify that on October 17, 2012, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

_____/s/ Matthew Fogelman_____
Matthew J. Fogelman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.,*<br>GREGORY W. THORPE, *et al.*<br><br>Plaintiffs<br><br>v.<br><br>GLAXOSMITHKLINE PLC, *et al.*<br><br>Defendants | CASE NO. 03-10641-NG-RWZ<br>CASE NO. 11-10398-NG-RWZ |

**PROPOSED FORM OF ORDER**

**AND NOW**, this _____ day of _____, 2012, upon consideration of Cross

& Bennett's Motion Consolidate Actions And For Related Relief, and the opposition of Relators

Greg Thorpe and Blair Hamrick thereto, it is hereby **ORDERED** and **DECREED** that said

motion is **DENIED**.

BY THE COURT:

_____
Rya W. Zobel, J.