UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-10641-RWZ

UNITED STATES *ex rel.* GREGORY W. THORPE, *et al.*

v.

GLAXOSMITHKLINE PLC and GLAXOSMITHKLINE, LLC

**********************************

CIVIL ACTION NO. 12-11632-RWZ

GREGORY W. THORPE and BLAIR HAMRICK

v.

CROSS & BENNETT, L.L.C., *et al.*

ORDER

November 1, 2012

ZOBEL, D.J.

The earlier case, Civil Action No. 03-10641, a qui tam action, settled with the

result that relators Gregory W. Thorpe and Blair Hamrick ("Relators") received a multi-

million-dollar award. Original counsel for Relators, namely Keith F. Cross, Joseph F.

Bennett, and their firm Cross & Bennett L.L.C. (hereafter collectively "Counsel"),

represented Relators from November 2002 until they came to a parting of the ways in

November 2009. That relationship and its subsequent demise have spawned a flurry of

motions. On November 12, 2009, when the action was still pending in the U.S. District

Court for the District of Colorado, Counsel filed a Notice of Attorney's Lien. The action

was subsequently transferred to this court, and Counsel have now filed in this action a

Notice of Intention to Enforce Attorney's Lien (Docket # 107) and have moved to intervene to protect their attorney fee interest (Docket # 111). Relators have moved to strike Counsel's notice and the attorney's lien (Docket # 112), and they oppose the motion to intervene. They have also filed a separate action in this court against Counsel alleging attorney malpractice, Civil Action No. 12-11631, and have moved in the qui tam action for an order (1) denying Counsel's motion to intervene in the qui tam suit; (2) consolidating Counsel's proposed complaint in intervention with the malpractice action; and (3) transferring that consolidated action to the District of Colorado (Docket # 121). Meanwhile, Counsel have moved to consolidate the malpractice action into the qui tam action (Docket # 120).

At this stage the qui tam action is concluded. The only claim remaining against the qui tam defendant, GlaxoSmithKline PLC, is a claim for retaliatory discharge. The dispute between Relators and their prior counsel is entirely separate from the remaining claim in the qui tam action and is, therefore, properly managed in a separate proceeding.

Accordingly, the motion by Counsel to intervene (Docket # 111) is ALLOWED; their motion to consolidate the malpractice action with the qui tam action (Docket # 120) is DENIED. Relators' motion (Docket # 121) is ALLOWED insofar as the complaint in intervention is consolidated with the malpractice action, Civil Action No. 12-11632, but DENIED insofar as the consolidated proceeding will not be transferred to the District of Colorado. Relators' motion to strike (Docket # 112) is DENIED. Three remaining miscellaneous motions (Docket ## 116, 117, and 119) are ALLOWED.

2

A scheduling conference will be held for the consolidated case on Thursday, December 6, 2012, at 2:30 p.m.


_____November 1, 2012_____                    _____/s/Rya W. Zobel_____

DATE                                          RYA W. ZOBEL
                                              UNITED STATES DISTRICT JUDGE